IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CHRISTOPHER RANKIN,

                Plaintiff,

v.

INTERNAL REVENUE SERVICE,

                Defendant.

ORDER

10-cv-346-wmc
_____

      This is a civil action in which plaintiff Christopher Rankin, who is proceeding pro se, is seeking reversal of defendant Internal Revenue Service's decision to deny the refund of a 2004 tax payment. Plaintiff has paid the $350 fee for filing this case.

      The next step is for plaintiff to serve his complaint on the defendant. To help plaintiff understand the procedure for serving a United States agency, I am enclosing with this order a copy of a document titled "Serving the United States, Its Agencies, Corporations, Officers, or Employees." In addition, I am enclosing to plaintiff the forms he will need to send to the defendant in accordance with the procedures set out in the memorandum on service.

      Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendant. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendant well before the deadline for doing so established in Rule 4.

ORDER

      IT IS ORDERED that plaintiff serve his complaint on the defendant and file proof of service of his complaint as soon as service has been accomplished. If, by September 1, 2010,

plaintiff fails to submit proof of service of his complaint on the defendant or explain his inability to do so, I will direct plaintiff to show cause why his case should not be dismissed for lack of prosecution.

Entered this 30th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge